IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRANDY MATTHEWS                                                                                    PLAINTIFF

V.                                    Civil No. 2:22-cv-02115-MEF

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration                                                                     DEFENDANT

**FINAL JUDGMENT**

This cause is before the Court on the Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying her application for disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c). The Court, having reviewed the administrative record, the briefs of the parties, the applicable law, and the parties having waived oral argument, finds as follows:

Consistent with the Court's ruling from the bench, the decision of the Commissioner of Social Security is reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The Court finds that the ALJ's RFC restriction to sedentary work with mental restrictions does not adequately account for the limitations resulting from the Plaintiff's combined shoulder impairment and fibromyalgia. A July 2020 MRI showed bursitis and a split tear of the proximal portion of the extra articular bicep tendon resulting in ligamentous laxity of the right shoulder. Despite treatment via anti-inflammatories, pain medication, and trigger point injections, the Plaintiff's pain persisted. In September 2020, orthopedist Dr. John Harp opined that she might

need a capsulorrhaphy, but his ability to perform the procedure was complicated by the laxity of her ligaments. Therefore, he prescribed additional physical therapy targeting this problem. Physical therapy notes dated March 2022 indicate that she had only a fair treatment prognosis, as treatment resulted in pain in her neck and upper extremity and extreme tenderness along the occipital muscles, and headaches. Accordingly, the undersigned concludes that remand is necessary to allow the ALJ to reconsider the limitations resulting from Plaintiff's shoulder impairment and fibromyalgia, paying particular attention to her ability to use her upper extremities for work-related activities including lifting, carrying, reaching, pushing, and pulling.

On remand, the ALJ is directed to order obtain RFC assessments from the Plaintiff's treating physicians, Dr. John Harp and Dr. Eric Drolshagen. If these physicians are unwilling or otherwise unable to provide an assessment, the ALJ should order a consultative orthopedic evaluation and provide said physician with Plaintiff's medical records for evaluation.

IT IS SO ORDERED AND ADJUDGED on this the 27th day of July 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE